OPINION of the Court, by
Ch. J. Boyle.
This was an indictment for a battery committed on the 3d of - August 1808- The jury found a verdict for the com* noon wealth, and assessed the fine to seventy dollars; but upon motion ot the delendaut the judgment for the fine was arrested, and a judgment rendered for the defendant, that he should go without day ; to reverse which judgment this writ of error is prosecuted on behalf of the commonwealth,
The position assumed in arrest of the judgment was, that at the time the battery was committed it was not an indictable offence, but punishable only by proceeding under the act against breaches of the peace.
The correctness of this position is the point now to be- decided.
The act authorising a summary mode of proceeding to punish breaches of the peace, passed December the 21st 1802, and contains an express provision that on default of the officers to proceed against the offender in the time and manner prescribed by the act, such offences should be punished as heretolore- — See sec, 1, latter part, chap. 61, of session acts 1802.
By the 4th section of an act passed December the 30th 1802, chap. 50, same session, after reciting that “ whereas a mode of proceeding and punishing offences has been provided by an act of assembly, differing ia some cases from that which had before been provided by the common law, or by English statutes, it is enacted, that in such cases the provisions of the common law or of the English statutes, shall be and are hereby repealed.'* And by the 24th section of an act passed December the 22d 1802, chap. 53, same session, all laws and statutes which provide for the punishment of offen-ces for which other punishments are provided by act of assembly are repealed.
*81 It Is contended on tbe part of the defendant that the provisions of the two last mentioned acts abrogate the reservation of the common law mode of proceeding bp indictment, contained in the act authorising a summary mode of proceeding against breaches of the peace.
It is a sound rule, that several acts made in pari ma-teria, áre to be construed together and taken as one statute. This rule, if in general correct, is more especially so with respect to acts which, like those under consideration, have been passed at the same session of the legislature, and within a day or two of each other. In such a case, reason requires that the several provisions should receive such a construction that the whole may, if possible, stand together ut res magis v a feat quain pe-reat. We perceive no absolute incompatibility between the repealing sections mentioned and the provisions of the act against breaches of the peace. If the generality of the expressions of the repealing sections are restrained to those cases in which there is no saving of the common law mode of punishment, there will still be abundant room for the operation of those sections^ while the reservation of the common law mode of punish ment as to breaches of the peace, will have its effect. Such a construction seems therefore to be required by the soundest rules of interpreting the legislative will. This conclusion is strongly supported by adverting to the absurd consequences that would result fiom a contrary construction. The summary mode of proceeding under the act against breaches of the peace, is required to be had within one month after the commission of the offence, if the doctrine contended lor on the part of the defendant were to prevail, an offender, by evading the law for one months would be released forever from punishment. Add too, to this consideration, that if the offender could be proceeded against only under the statute, whether he evaded the law or not, he could not, in cases of enormity, where justice would most imperiously demand punishment, be adequately punished, on account of the restriction in the degree of punishment imposed by the act. These consequences resulting from the position assumed for the defendant, tend to confirm the construction we deem sorrect.
*82 “We-, are therefore of opinion (judge Ct-ARK dissent-* ing) that the judgment for the defendant in the court below, is erroneous and ought to be reversed.
Judgment reversed, and cause’remanded for judgment, &c.